UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VONTELL WESSON, | No. 2:19-cv-1880 KJM DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BURT A. LINDE, | |
| Defendant. | |

Plaintiff is a federal prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant used excessive force against him during his 2019 arrest. Presently before the court is defendant's fully briefed motion for summary judgment. For the reasons set forth below the court will recommend that defendant's motion be denied.

## BACKGROUND

**I.     Relevant Procedural History**

This action proceeds on plaintiff's original complaint. (ECF No. 1.) By order dated December 19, 2019, the undersigned screened the complaint and determined it stated a cognizable excessive force claim against defendant. (ECF No. 9.) However, the complaint failed to state any additional claims. Plaintiff was given the option to amend the complaint or proceed immediately on his cognizable claim.

////

1

Plaintiff elected to proceed with his excessive force claim. (ECF No. 13.) Following service of the complaint on defendant, this action was referred to the court's post-screening ADR (Alternative Dispute Resolution) Project. (ECF No. 21.) Thereafter, defendant filed a motion to opt out of participation in the settlement conference. (ECF No. 24.) The motion was granted, and the parties engaged in discovery.

On January 19, 2021 defendant filed the instant summary judgment motion. (ECF No. 32.) Plaintiff filed an opposition (ECF No. 36) and defendant filed a reply (ECF No. 35).

## II.    Allegations in the Complaint

Plaintiff is currently a federal inmate housed at Federal Correctional Institute Victorville. He complains of conduct that occurred when he was arrested on February 25, 2019 by defendant, Officer Burt A. Linde of the Stockton Police Department. (ECF No. 1 at 3.)

Plaintiff told defendant that the handcuffs were causing pain because they were too tight. Plaintiff claims defendant ignored plaintiff's statement. "After a long time, defendant attempted to loosen" the handcuffs "which took a few minutes." (Id.) Plaintiff contends defendant's actions caused him to suffer a broken wrist and permanent nerve damage.

## MOTION FOR SUMMARY JUDGMENT

Defendant argues that the undisputed evidence, including body camera footage, shows that his conduct was reasonable and that he did not use excessive force against plaintiff. (ECF No. 32-3.)

Plaintiff's opposition contains approximately three pages of argument and a one-page declaration. (ECF No. 36.) Therein, plaintiff argues there are disputed facts precluding summary judgment. Specifically, plaintiff disputes defendant's allegation that he did not react when defendant tightened the handcuffs. Plaintiff claims he "screamed at the infliction of this pain." (Id. at 3.)

Plaintiff further alleges defendant used excessive force "by tightening, not merely 'adjusting' the handcuffs, which caused [him] to scream and complain." (ECF No. 36 at 2.) Plaintiff acknowledges that at the time of his arrest he was "under the influence of

////

1  methamphetamine and did not feel the full effects of [his] injury, until the following day when
2  medical staff determined that [he] had a broken wrist." (Id.)

3  In the reply, defendant argues plaintiff's opposition is untimely,[1] fails to show any
4  disputed material facts, the undisputed facts along with applicable law show defendant acted
5  reasonably, and he is entitled to qualified immunity. (ECF No. 35.)

**I.     Legal Standards**

    **A. Summary Judgement Under Rule 56**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

---

[1] The court declines to strike plaintiff's opposition as untimely. "[C]ourts must provide considerable leeway when assessing whether a *pro se* civil rights litigants' failure to comply strictly with time limits . . . should be excused for 'good cause,' *especially* when that litigant is incarcerated. McGuckin v. Smith, 974 F.2d 1050, 1058 (9th Cir. 1992) (emphasis in original), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 477 U.S. at 248.

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa Cnty. Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (per curiam) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record is taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

On a motion for summary judgment, it is inappropriate for the court to weigh evidence or resolve competing inferences. "In ruling on a motion for summary judgment, the court must

4

leave '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts' to the jury." Foster v. Metropolitan Life Ins. Co., 243 Fed.Appx. 208, 210 (9th Cir. 2007) (quoting Anderson, 477 U.S. at 255).

Generally, when a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment rather than a motion to dismiss. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary judgment for non-exhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If the defendant carries that burden, the "burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with the defendant, however. Id. If material facts are disputed, summary judgment should be denied, and the "judge rather than a jury should determine the facts" on the exhaustion question, id. at 1166, "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue," id. at 1170-71.

**B. Excessive Force**

The Fourth Amendment protects individuals from the use of excessive force by law enforcement officials "in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen[.]" Graham v. Connor, 490 U.S. 386, 395 (1989). Excessive force claims "are analyzed under the objective reasonableness standard of the Fourth Amendment." Blanford v. Sacramento County, 406 F.3d 1110, 1115 (9th Cir. 2005). Under this standard the court is required to "balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." Tennessee v. Garner, 471 U.S. 1, 8 (1985) (quoting United States v. Place, 462 U.S. 696, 703 (1983)).

////

The court pays "careful attention to the facts and circumstances of each particular case, including (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396; see also Brooks v. Clark County, 828 F.3d 910, 920 (9th Cir. 2016). The most important of these three factors is whether the suspect poses an immediate threat to the officers or others. Mattos v. Agarano, 661 F.3d 433, 441 (9th Cir. 2011) (en banc).

"The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396 (citing Terry v. Ohio, 392 U.S. 1, 20-22 (1968)); see id. at 396-97 ("'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' . . . violates the Fourth Amendment.") (citations omitted). Further, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." Id. at 396-97.

"Because this inquiry is inherently fact specific, the 'determination whether the force used to effect an arrest was reasonable under the Fourth Amendment should only be taken from the jury in rare cases.'" Green v. City and Cnty. Of San Francisco, 751 F.3d 1039, 1049 (9th Cir. 2014) (quoting Headwaters Forest Def. v. Cty. Of Humboldt, 240 F.3d 1185, 1205-06 (9th Cir. 2000)). "Because the excessive force inquiry nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, [the Ninth Circuit has] held on many occasions that summary judgment or judgement as a matter of law in excessive force cases should be granted sparingly." Avina v. United States, 681 F.3d 1127, 1130 (9th Cir. 2012) (citations omitted).

"Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396. "The use of handcuffs during an arrest is quite common and often a 'standard practice'" and, "[o]rdinarily the use of handcuffs during an

6

arrest is a very low quantum of force that will not constitute excessive force." McFarland v. City of Clovis, No. 1:15-cv-1530 AWI SMS, 2017 WL 1348934, at *13 (E.D. Cal. Apr. 10, 2017) (citing Brown v. Gilmore, 278 F.3d 362, 369 (4th Cir. 2002)).  However, the manner in which an individual is handcuffed may, under some circumstances, amount to excessive force.  See Wall v. County of Orange, 364 F.3d 1107, 1112 (9th Cir. 2004) ("It is well-established that overly tight handcuffing can constitute excessive force."); Nyla Moujaes v. San Francisco City & Cnty., No. 15-cv3129 DMR, 2016 WL 4702671, at *7 (N.D. Cal. Sept. 8, 2016) ("[A]n officer may be liable for excessive force if he or she handcuffs a suspect in a tight or painful manner and ignores complaints of pain.").

Unreasonably injuring a person's wrists while applying handcuffs constitutes excessive force.  See Hansen v. Black, 885 F.2d 642, 645 (9th Cir. 1989).  The Ninth Circuit has indicated that an excessive force case based on a claim of tight handcuffing is not properly resolved on a motion for summary judgment because "[t]he issue of tight handcuffing is usually fact-specific and is likely to turn on the credibility of the witnesses." LaLonde v. Cnty. of Riverside, 204 F.3d 947, 960 (9th Cir. 2000).

## II.   Material Facts

Defendant filed a Statement of Undisputed Facts ("DSUF") as required by Local Rule 260(a).  (ECF No. 32-2.)  Plaintiff's filing in opposition to defendant's motion for summary judgment fails to comply with Local Rule 260(b).  (ECF No. 36.)  Rule 260(b) requires that a party opposing a motion for summary judgment "reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial."

The court is mindful of the Ninth Circuit's instruction that district courts are to "construe liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary judgment rules strictly." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).  Accordingly, the court considers the record before it in its entirety despite plaintiff's failure to be in strict

compliance with the applicable rules. However, only those assertions in the opposition that have evidentiary support in the record will be considered. In light of plaintiff's pro se status, the court has reviewed plaintiff's filings in an effort to discern whether he denies any material fact asserted in the defendant's DSUF.

### A. Undisputed Facts

The events giving rise to the claim occurred on February 25, 2019. (DSUF (ECF No. 32-2) at ¶ 1; Pl's compl. (ECF No. 1) at 3.) Defendant and his partner were dispatched following a report indicating "two black males [were] walking around the apartment complex" and that "one of them [was] armed with a gun." (DSUF (ECF No. 32-2) at ¶ 1.) After exiting his vehicle, defendant activated his department issued body worn camera. (Id. at ¶ 2.) As defendant "entered the apartment complex and observed two black males running towards him, with other Stockton Police officers running behind the two black males ordering them to stop." (Id. at ¶ 3.)

Defendant directed the men to stop. (Id. at ¶ 4.) The two men stopped and put their hands up. (Id.) Defendant detained one of the subjects, later learned to be plaintiff, and placed him in handcuffs at approximately 5:00:51 hours. Thereafter, defendant began questioning plaintiff. (Id. at ¶ 6.)

At approximately 5:04:08, plaintiff asked defendant to undo his handcuffs. (Id. at ¶ 7.) Defendant adjusted plaintiff's handcuffs. (Id. at ¶ 8.) Defendant continued questioning plaintiff before he was placed in the back of defendant's patrol car and taken to the Stockton Police department for booking. (Id. at ¶ 9.) Defendant and his partner transported plaintiff to the Stockton Police Department around 5:43:30. (Id. at ¶ 10.) During the drive plaintiff and defendant discussed among other things, plaintiff's outstanding warrant.

### B. Disputed Facts

Plaintiff disputes defendant's statement that he loosened the handcuffs. Rather, plaintiff alleges defendant tightened them after plaintiff informed him that they were causing him pain. (ECF No. 36 at 1, 3.) Plaintiff maintains that when he asked defendant to loosen his handcuffs, defendant tightened them breaking plaintiff's wrist. (Id. at 4.) He further states that when this happened, he did not remain silent as defendant claims, but rather, he screamed in pain. (Id.)

8

Plaintiff also alleges that he complained about the tightness after defendant adjusted the handcuffs.

Plaintiff argues that he "did not feel the full effects of [his] injury until the following day when medical staff determined that he had suffered a broken wrist" because he was under the influence of methamphetamine at the time of his arrest. (ECF No. 36 at 2.)

### III.   Analysis

Defendant argues that the video evidence shows that defendant acted reasonably throughout the arrest, he adjusted plaintiff's handcuffs when plaintiff complained they were too tight, and that plaintiff did appear to be in any discomfort thereafter. (ECF No. 32-3 at 5-8.) Plaintiff, however, argues that he yelled in pain when defendant adjusted the handcuffs and did not feel the full effects of his injuries because he was under the influence of methamphetamine at the time of arrest. (ECF No. 36.) Defendants claim plaintiff's version of events is contradicted by the body camera footage defendants have provided as evidence. (ECF No. 35 at 3.)

"When opposing parties tell two different stores, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007); see also Vos v. City of Newport Beach, 892 F.3d 1024, 1028 (9th Cir. 2018) ("The record is viewed in the light most favorable to the nonmovants . . . so long as their version of the facts is not blatantly contradicted by the video evidence."). However, "[t]he mere existence of video footage of the incident does not foreclose a genuine factual dispute as to the reasonable inferences that can be drawn from that footage." Vos, 892 F.3d at 1028.

The undersigned has viewed the video evidence provided by defendants (ECF No. 32-7) and finds that it cannot be said to blatantly contradict plaintiff's version of the facts. Rather, the video is largely consistent with the parties' basic recounting of the events and only conclusively establishes that plaintiff complained about the tightness of the handcuffs and yelled when defendant adjusted them.

Based on the parties' accounts of the arrest, and the video footage provided, the court cannot find that the only reasonable conclusion the evidence permits is that the force used was

9

appropriate. LaLonde, 204 F.3d at 960 (citing Lawson v. Umatilla Cnty., 139 F.3d 690, 692 (9th Cir. 1998)). Although one could certainly view the video evidence as supporting one parties' version of events, the video does not blatantly contradict either parties' version. Particularly because the video evidence does not clearly depict the entirety of the use of force at issue. The incident occurred when it was dark outside, both plaintiff and defendant were wearing dark clothing, and the camera is not always focused on the parties' interaction.

Thus, whether defendant's actions in handcuffing and later adjusting the handcuffs were reasonable is a disputed factual issue that should preclude summary judgment. See Smith v. City of Hemet, 394 F.3d 689, 700-01 (9th Cir. 2005) ("Because the excessive force inquiry nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, . . . summary judgment . . . in excessive force cases should be granted sparingly.") A reasonable jury could credit plaintiff's account that defendant used excessive force in applying and/or adjusting the handcuffs. Accordingly, the court will recommend that summary judgment be denied. See Glenn v. Washington Cnty., 673 F.3d 864, 878 (9th Cir. 2011) ("We recognize that the officers have offered evidence that could support a verdict in their favor. A jury could view the facts as the district court did, and likewise reach the conclusion that the officers' use of force was reasonable. But on summary judgment, the district court is not permitted to act as a factfinder. The circumstances of this case can be viewed in various ways, and a jury should have the opportunity to assess the reasonableness of the force used after hearing all the evidence.").

Because defendant has not met his burden of demonstrating the absence of a genuine issue of material fact with respect to the issue of the removal of the handcuffs, summary judgment based on qualified immunity is inappropriate. See Adickes v. Kress & Co., 398 U.S. 144, 157 (1970); see also Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir. 1993) (if there is a genuine dispute as to the "facts and circumstances within an officer's knowledge," or "what the officer and claimant did or failed to do," summary judgment is not appropriate). Accordingly, summary judgment based on defendant's argument that he is entitled to qualified immunity should not be granted.

////

10

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 32) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 20, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/wess1880.mjs fr