UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VONTELL WESSON,<br><br>             Plaintiff,<br><br>       v.<br><br>BURT A. LINDE,<br><br>             Defendant. | No.  2:19-cv-1880 KJM DB P<br><br><br>ORDER |

Plaintiff, a federal prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983 against a local police officer who arrested him.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 23, 2021, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within thirty days.  (ECF No. 37.)  Defendants have filed objections to the findings and recommendations.  (ECF No. 38.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the

1

findings to be supported by the record,[1] but does not find the recommendation regarding the defendant's qualified immunity defense to be supported by the proper analysis. To find the defendant is not entitled to qualified immunity, the court must find it was not clearly established that his conduct would violate the Fourth Amendment. *Saucier v. Katz*, 533 U.S. 194 (2001). Specifically, the burden is on the court to identify the applicable law and engage in a thoroughgoing analysis in reaching its findings. *See City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 504 (2019) (remanding case for further proceedings where appellate court "failed to properly analyze whether clearly established law barred" officer's conduct). It is not clear from the magistrate judge's analysis that the court need further develop the factual record to answer the qualified immunity question. *Cf. Nehad v. Browder*, 929 F.3d 1125, 1140 (9th Cir. 2019) ("[W]hen there are disputed factual issues that are necessary to a qualified immunity decision, these issues must first be determined by the jury before the court can rule on qualified immunity.") (quoting *Morales v. Fry*, 873 F.3d 817, 824 (9th Cir. 2017).

Accordingly, the matter is referred back to the magistrate judge for further consideration and analysis of defendant's qualified immunity defense consistent with this order.

DATED: August 18, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The court flags one presumed typographical error in the first sentence of the magistrate judge's analysis, an omitted "not" between "plaintiff did" and "appear to be in any discomfort thereafter."

2