UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VONTELL WESSON, | No. 2:19-cv-1880 KJM DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BURT A. LINDE, | |
| Defendants. | |

Plaintiff is a federal inmate[1] proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendant used excessive force against him during his 2019 arrest. By order dated August 19, 2022, Chief District Judge Mueller referred this action back to the undersigned for further consideration and analysis of defendant's qualified immunity defense. (ECF No. 41.) The additional consideration of defendant's qualified immunity defense is set forth below.

////

////

---

[1] The Federal Bureau of Prisons inmate locator website found at: https://www.bop.gov/inmateloc/ indicates that petitioner has been transferred from FCI Phoenix, his address of record, to USP Atwater. This court may take judicial notice of such information. See Louis v. McCormick & Schmick Restaurant Corp., 460 F. Supp. 2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records). Plaintiff is advised that Local Rule 183(b) requires that he notify the court of any change of address.

1

I.  **Background**

   A. **Allegations in the Complaint**

Plaintiff was arrested on February 25, 2019, by defendant, Officer Burt A. Linde of the Stockton Police Department. (ECF No. 1 at 3.) In the complaint, plaintiff alleged that he told defendant that the handcuffs were causing him pain because they were too tight. He further claimed defendant ignored his statement. Eventually, defendant "attempted to loosen" the handcuffs. (Id.) Plaintiff alleged that defendant's actions caused him to suffer a broken wrist and permanent nerve damage.

   B. **Findings and Recommendations**

On August 23, 2021, the undersigned recommended that defendant's motion for summary judgment be denied. (ECF No. 37.) Therein, the undersigned determined that factual issues on plaintiff's excessive force claim precluded summary judgment in favor of defendant. (Id. at 9-10.) Specifically, the parties disagreed about what actions defendant took after plaintiff complained that his handcuffs were too tight.

II.  **Legal Standards—Qualified Immunity**

Government officials enjoy qualified immunity from civil damages unless their conduct violates clearly established statutory or constitutional rights. Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). When a court is presented with a qualified immunity defense, the central questions for the court are: (1) whether the facts alleged, taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was "clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001), receded from, Pearson v. Callahan, 555 U.S. 223 (2009) (the two factors set out in Saucier need not be considered in sequence). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." Ashcroft v. al-Kidd, 563 U.S. 731, 743 (2011). The existence of triable issues of fact as to whether officials were deliberately indifferent does not necessarily preclude qualified immunity. Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1053 (9th Cir. 2002).

"For the second step in the qualified immunity analysis—whether the constitutional right was clearly established at the time of the conduct—the critical question is whether the contours of the right were 'sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" Mattos v. Agarano, 661 F.3d 433, 442 (9th Cir. 2011) (quoting al-Kidd, 563 U.S. at 741) (some internal marks omitted). "The plaintiff bears the burden to show that the contours of the right were clearly established." Clairmont v. Sound Mental Health, 632 F.3d 1091, 1109 (9th Cir. 2011). "Whether the law was clearly established must be undertaken in light of the specific context of the case, not as a broad general proposition." Estate of Ford, 301 F.3d at 1050 (citation and internal marks omitted).

In making this determination, courts consider the state of the law at the time of the alleged violation and the information possessed by the official to determine whether a reasonable official in a particular situation should have been on notice that his or her conduct was illegal. Inouye v. Kemna, 504 F.3d 705, 712 (9th Cir. 2007); see also Hope v. Pelzer, 536 U.S. 730, 741 (2002) (the "salient question" to the qualified immunity analysis is whether the state of the law at the time gave "fair warning" to the officials that their conduct was unconstitutional). "[W]here there is no case directly on point, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" C.B. v. City of Sonora, 769 F.3d 1005, 1026 (9th Cir. 2014) (citing al-Kidd, 563 U.S. at 740). An official's subjective beliefs are irrelevant. Inouye, 504 F.3d at 712.

### III.   Analysis

"[I]f there is a genuine issue of fact as to whether an officer's use of force was objectively unreasonable, then there naturally is a genuine issue of fact with respect to whether a reasonable officer would have known such conduct was wrongful." Kostrzewa v. City of Troy, 247 F.3d 633, 642 (6th Cir. 2001). Here, the parties disagree about what action defendant took after plaintiff complained that the handcuffs were too tight. (See ECF No. 37 at 8-9.) Defendant claims that he loosened the handcuffs as soon as plaintiff requested that he loosen them. (ECF No. 38 at 3.) Plaintiff claims defendant tightened the handcuffs after plaintiff asked him to loosen them. (ECF No. 36 at 4.) If fact finders believe plaintiff's version, defendant's action would have been taken in violation of plaintiff's right to be free from excessive use of force. Jenkins v.

3

Bonds, No. 2:13-cv-2151 GEB EFB P, 2017 WL 3839964 at *5 E.D. Cal. Sept. 1, 2017 ("Taking the evidence in the light most favorable to plaintiff" . . . "evidence that defendant injured [plaintiff] with overly tight handcuffs" . . . "tends to show malicious conduct unwarranted by the circumstances.")

Additionally, at the time of plaintiff's arrest, in February 2019, it was clearly established that injuring an arrestee with tight handcuffs violates the arrestee's constitutional rights. See Palmer v. Sanderson, 9 F.3d 1433, 1436 (9th Cir. 1993) (denying qualified immunity to defendant who "fastened [plaintiff's] handcuffs so tightly around his wrists that they caused [plaintiff] pain and left bruises."); Hansen v. Black, 885 F.2d 642, 645 (9th Cir. 1989) (unreasonably injuring plaintiff's wrists while handcuffing plaintiff constitutes an unreasonable use of force); Kostrzewa, 247 F.3d at 641 (finding the right to be free from "excessively forceful handcuffing" is clearly established for purposes of qualified immunity).

Accordingly, defendant should not be entitled to qualified immunity on plaintiff's excessive force claim.

**IV.     Conclusion**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 32) be denied because he is not entitled to qualified immunity.

These finding and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections.  The

////
////
////
////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 7, 2022

                              DEBORAH BARNES
                              UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/wess1880.msj ref QE