UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VONTELL WESSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BURT A. LINDE,<br><br>　　　　　Defendant. | No.  2:19-cv-1880 KJM DB P<br><br><br>ORDER |

　　　　Plaintiff, a federal inmate proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On September 8, 2022, the magistrate judge filed findings and recommendations, which were served on all parties, and which contained notice to all parties that any objections to the findings and recommendations were to be filed within thirty days.  F. & R., ECF No. 42. Defendant has filed objections to the findings and recommendations.  Objs., ECF No. 43.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

　　　　The court addresses defendant's objections here.  The magistrate judge found there is a genuine dispute of material fact regarding whether defendant loosened or tightened plaintiff's handcuffs after plaintiff complained the handcuffs were too tight.  F. & R. at 3.  In the previous

1

findings and recommendations, the magistrate judge also noted the video footage provided to the court shows plaintiff "yelled when defendant adjusted [the handcuffs]." Prev. F. & R. at 9, ECF No. 37. Plaintiff avers he yelled in pain. *Id.*

Defendant argues he is entitled to qualified immunity because there is no clearly established law that "acting immediately in response to Plaintiff's complaint and not demonstrably injuring Plaintiff[] would violate the Fourth Amendment." Objs. at 2. However, "[i]t is well-established that overly tight handcuffing can constitute excessive force." *Wall v. County of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004); *see also LaLonde v. County of Riverside*, 204 F.3d 947, 960 (9th Cir. 2000) ("A series of Ninth Circuit cases has held that tight handcuffing can constitute excessive force."). Here, as the magistrate judge noted, there is a genuine dispute of material fact regarding whether defendant ignored plaintiff's complaints by tightening rather than loosening the handcuffs. There is also a triable issue of fact regarding whether defendant yelled in pain after defendant adjusted the handcuffs. *See Meredith v. Erath*, 342 F.3d 1057, 1063 (9th Cir. 2003) (finding tight handcuffs that cause "unnecessary pain" violate the Fourth Amendment); *see also Thompson v. Lake*, 607 F. App'x 624, 625 (9th Cir. 2015) (unpublished) (finding plaintiff's request for police to "loosen the handcuffs was sufficient to satisfy" any purported requirement to complain the handcuffs are too tight and plaintiff "was not required to show that the handcuffs caused visible physical injury"). "The issue of tight handcuffing is usually fact-specific and is likely to turn on the credibility of the witnesses." *LaLonde*, 204 F.3d at 960. Accordingly, given the clearly established law that tight handcuffing can constitute excessive force, summary judgment is not appropriate at this stage. *See id.*

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed September 8, 2022, are adopted in full.

2. Defendant's motion for summary judgment (ECF No. 32) is denied because he is not entitled to qualified immunity.

3. This action is referred back to the assigned magistrate for all further pretrial proceedings.

DATED: January 24, 2023.

CHIEF UNITED STATES DISTRICT JUDGE